An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICARDO IRIVE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65732

**FILED**

JUL 2 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Ricardo Irive argues that the district court erred in denying his claim that trial counsel provided ineffective assistance during plea negotiations. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22048

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Irive argues that trial counsel was ineffective for failing to inquire about and communicate to him the expiration date of a plea offer, which prevented him from accepting the offer before it was withdrawn. At the evidentiary hearing, trial counsel testified that she informed Irive of the plea offer but advised him to give her time to investigate whether the plea offer would be beneficial before he considered accepting the offer. Trial counsel further testified that the prosecutor never explicitly provided an expiration date for the plea and that her conversations with the prosecutor left her with the impression that the plea would be available until trial. The district court found that trial counsel's advice to Irive, decision to investigate, and mistaken belief as to when the plea offer would expire were reasonable in light of counsel's ongoing negotiations and communications with the prosecutor. We conclude that this finding was not clearly erroneous and that substantial evidence supports the district court's decision that trial counsel's performance was reasonable.[1]

---

[1]Irive asserts that trial counsel failed to conduct the investigation and evaluate the plea offer in a timely manner. To the extent Irive attempts to argue this as a basis for ineffective assistance of counsel, we decline to consider this argument, as he failed to raise it in his post-conviction petition or supplement below. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means*, 120 Nev. at 1012-13, 103 P.3d at 33.

Further, we conclude that substantial evidence supports the district court's finding that Irive failed to present any evidence of a specific offer by the State that he would have accepted and thus did not demonstrate that he would have pleaded guilty but for the alleged errors by trial counsel. At the evidentiary hearing, trial counsel and Irive offered conflicting testimony about the specific terms of the plea offer and whether Irive would have accepted the offer. Trial counsel testified that Irive initially rejected the plea offer but then decided to accept it shortly before trial, by which time the offer had already been withdrawn by the State. She also stated that she was unsure whether the plea offer had always been contingent on both Irive and his codefendant pleading guilty in two separate cases, but that it was definitely contingent "right before trial . . . and that's why we went to trial." Although Irive testified that he would have accepted the offer but for counsel's advice to wait until she investigated it, Irive's testimony indicated that he was unaware of the terms of the plea offer and had never expressly conveyed an interest to counsel in either accepting or rejecting the plea offer.[2] In light of this conflicting evidence, Irive fails to demonstrate a reasonable probability

---

[2]Irive now concedes that he was aware of the terms of the plea offer prior to trial and that his testimony to the contrary was due to a faulty memory. By making this assertion on appeal, Irive abandons his allegations in his post-conviction petition that trial counsel failed to convey the plea offer to him until after it expired and, alternatively, that trial counsel failed to convey any specific details about the plea offer before it expired.

that, but for counsel's alleged deficient performance, he would have accepted the plea offer before the State withdrew it. *See Lafler v. Cooper*, 566 U.S. ___, ___, 132 S. Ct. 1376, 1385 (2012). Accordingly, we conclude that the district court did not err in denying this claim.

Next, Irive contends that the district court erred in denying his claim that appellate counsel was ineffective for failing to provide a sufficient record on appeal. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996).

Irive argues that appellate counsel's failure to provide this court with an audio-visual recording of the sentencing hearing precluded this court from considering on direct appeal whether the trial court erred in imposing a harsher sentence based on Irive's failure to take responsibility for his actions and his exercise of his constitutional right to trial. Irive fails to demonstrate a reasonable probability that, had appellate counsel provided this recording on direct appeal, his sentence would have been vacated. The audio-visual recording was played at the evidentiary hearing, and the record indicates that the trial court may have stated, "he didn't," after trial counsel argued that Irive had taken responsibility for his actions. At no point did the trial court state that it based its sentence on Irive's failure to take responsibility or his decision to

go to trial and testify in his own defense; rather, the trial court stated that it was imposing a harsher sentence because of Irive's criminal conduct and history. *See Brake v. State*, 113 Nev. 579, 584-85, 939 P.2d 1029, 1033 (1997). Therefore, we conclude that the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Elissa F. Cadish, District Judge
Law Office of Kristina Wildeveld
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]Irive has submitted a pro se supplemental brief and a pro se motion for leave to file the supplemental brief. Because Irive is represented by counsel in this appeal, we decline to permit him to file pro se documents. *See* NRAP 46(b). Accordingly, the clerk of this court shall return, unfiled, the pro se motion and supplemental brief received on March 3, 2015.